## CARRABY & AL vs. MORGAN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiffs stated that they were the possessors of a lot of ground, situated in the city of New Orleans, and that the defendant had illegally seized and advertised it for sale. They prayed an injunction to stop further proceedings, and $1,000 for the damage they had already sustained.

The defendant answered this demand, by denying the possession of the plaintiffs, and averring, that they had no title to the property.

After this issue was formed, Modeste Foucher, a f. w. c. at whose instance, as plaintiff in execution, the defendant, who is sheriff, acted in making the seizure, intervened, and by her

A sheriff who seizes property not subject to execution, is liable to an action for damages.
A party may always have an injunction when the act would give rise to a claim in damages.
He who interpleads, cannot change the nature of the action in which he intervenes.

petition averred, that the plaintiff was without title to the premises, on which they charged the trespass to have been committed.

The plaintiffs objected to this petition, on the ground that it would be permitting the intervening party to change the issue joined between them and the defendant. And the judge having admitted it, notwithstanding this objection, they excepted.

On the merits, there was judgment for the petitioners, and the intervener appealed.

In this count the appellant has made the following points:

1. No action of damages can be maintained against the sheriff for a trespass.

2. The injunction issued illegally, and should be dissolved with costs.

3. On the intervention of Foucher, the court may determine the right of the plaintiff to the lot seized.

I. On the first point, as the sheriff has not appealed, the question in relation to the right of the plaintiffs to sue him for seizing their property, does not, perhaps, come regularly before us. As it is one, however, on which we have no doubt, that objection need not be particularly looked into. The seizure of the

lot by the sheriff, and advertising it for sale,
certainly furnished ground for a demand in
damages, if that seizure and advertisement
were made of property which was not subject
to the execution.

II. It follows, therefore, that the injunction
did not issue illegally; for a party may always
claim the aid of the laws of his country to pre-
vent a wrong, which, if inflicted, he could
claim damages for. These laws would be
lamentably defective if they could not prevent
injuries, as well as well as punish them. *Code
of practice*, 296.

III. The action between the plaintiffs and
defendant, was a possessory one. It is true,
the defendant, by his answer, put the title of
the plaintiffs in issue; but that, without their
consent, he had no right to do. The interve-
ner could not change the action· The ground
on which a third party is permitted to come
between plaintiffs and defendants is, that the
action between them may be injurious to him.
His right is, therefore, limited to the suit pen-
ding:—to see that it is correctly, and legally de-
cided. Now, in this case, the decision of the
question of damages, founded on possession of
the plaintiffs, could not have affected the title

the party interpleading; consequently, that question could not be agitated in this action.

This opinion renders it unnecessary to examine the other points made by the appellant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Denis* for the plaintiff, *Hennen* for the defendant.